UTICA,
Aug. 1828.

BOSTWICK *ads.* MUNGER.

Bostwick
*ads.*
Munger.

COSTS of preparing for trial. This cause was noticed for trial on the 31st May, for the Delaware circuit, to be holden on the 10th June. On the 2d June, the notice of trial was countermanded. Before receipt of the countermand the defendant had procured subpœnas for his witnesses, and had gone into adjoining counties to serve the same. The cause not being tried, a motion was now made by the defendant for judgment as in case of nonsuit, for not proceeding to trial. The principal question presented, was, whether the plaintiff was liable to pay the defendant's costs of preparing for trial.

Where an *eight day* notice of trial is countermanded, tho' *six days* before trial, the plaintiff will be ordered to pay such costs as the defendant has been subjected to in consequence of the notice.

*Hobbie,* for defendant.

*Sherwood,* for plaintiff.

*By the Court,* SUTHERLAND, J. Were the court now called upon for the first time to give a construction to the statute regulating costs in these cases, they might feel themselves compelled to say, that where a notice of trial is duly countermanded *six* days before the intended trial, the party noticing is not obliged to pay costs to his adversary, although such construction would be harsh, and in many cases operate oppressively ; as it is well known, that frequently parties are obliged to bestow much time and incur heavy expense, from the moment they receive notice until the circuit commences, in preparing for the trial. The court, however, are relieved from putting this strict construction upon the statute, by adopting the practical construction which has been given to it ; which is, that if the party after receiving notice of trial and before countermand, has incurred expense in consequence of the notice, in preparing for trial, the party noticing shall pay such expense. This, the court understand, is the general practice, and they sanction it as more accordant with the principles of equity, than would be a rule seemingly required by a strict and literal construction of the

statute. The motion for judgment as in case of nonsuit is therefore granted, unless the plaintiff pay the defendant's costs of preparing for trial.